# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JAVIER PINEIRO ORTIZ,**

      **Plaintiff,**

v.                                                                   Case No: 6:16-cv-1986-Orl-37DCI

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

___

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **UNOPPOSED MOTION FOR ATTORNEY'S FEES (Doc. 20)** |
| **FILED:** | **December 20, 2017** |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part**. | |

## I.    BACKGROUND.

On November 9, 2017, judgment was entered reversing and remanding this case to the Commissioner of Social Security (the Commissioner) for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Docs. 18; 19. On December 20, 2017, Plaintiff filed a motion for attorney fees (the Motion), requesting an award of $3,012.37 in attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (the EAJA). Doc. 20. Plaintiff also implicitly requested that the EAJA award be paid directly to Plaintiff's counsel if the government determines that Plaintiff does not owe a debt to the government. *Id*. at 2-3. The Motion is unopposed. *Id*. at 3.

## II.     DISCUSSION.

A party seeking an award of attorney fees pursuant to the EAJA must demonstrate that he or she is eligible for an award of EAJA fees and that the amount sought is reasonable. The undersigned finds, as discussed below, that Plaintiff is eligible to recover EAJA fees and that Plaintiff's request for EAJA fees is reasonable.

### A. Eligibility for EAJA Fees.

A party may recover an award of attorney fees against the government provided the party meets five requirements: 1) the party seeking the award is the prevailing party; 2) the application for such fees, including an itemized justification for the amount sought, is timely filed; 3) the claimant had a net worth of less than $2 million at the time the complaint was filed; 4) the position of the government was not substantially justified; and 5) there are no special circumstances which would make an award unjust. *See* 28 U.S.C. § 2412(d)(1), (d)(2). Plaintiff met all five requirements in this case.

#### 1. Prevailing Party.

The Court reversed the final decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and remanded the case for further proceedings. Docs. 17; 18; 19. The Supreme Court has made clear that a plaintiff obtaining a sentence-four remand is a prevailing party. *Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993). Accordingly, the undersigned finds that Plaintiff is a prevailing party.

#### 2. Timely Application.

A plaintiff must file an application for fees and other expenses within 30 days of the "final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). A final judgment is defined as a judgment that "is final and not appealable." *Id*. at § 2412(d)(2)(G). The Commissioner generally has 60

days in which to appeal, thus a judgment typically becomes final after 60 days. Fed. R. App. P. 4(a)(1)(B). The plaintiff, as discussed above, then has 30 days in which to file his or her motion for EAJA fees. Therefore, a motion for EAJA fees is timely if it is filed within 90 days after the date that judgment is entered. *Jackson v. Chater*, 99 F.3d 1086, 1095 n.4 (11th Cir. 1996). Here, the Judgment was entered on November 9, 2017, and the Motion was filed 41 days later on December 20, 2017, before the Commissioner's time to appeal had passed. Docs. 19; 20. However, given that the Commissioner did not object to the Report and Recommendation (Doc. 17) or the Motion, it appears that the Commissioner has declined to appeal and, thus, that the Motion is timely. Should the Commissioner wish to appeal the Court's decision, the Commissioner may object to this Report.

### 3. Claimant's Net Worth.

Plaintiff represents that his net worth did not exceed $2 million when this action was filed. Doc. 20 at 2. This representation is uncontroverted. Accordingly, the undersigned finds that Plaintiff's net worth was less than $2 million when the complaint was filed.

### 4. Government's Position Not Substantially Justified.

"The government's position is substantially justified under the EAJA when it is justified to a degree that would satisfy a reasonable person – i.e. when it has a reasonable basis in both law and fact." *U.S. v. Douglas*, 55 F.3d 584, 588 (11th Cir. 1995) (internal quotations omitted). The Commissioner bears the burden of proving her position was substantially justified. *U.S. v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997). Therefore, unless the Commissioner comes forth and satisfies her burden, the government's position will be deemed not substantially justified. In this case, the Commissioner did not argue that the government's position was substantially justified. Accordingly, the undersigned finds that the government's position was not substantially justified.

5. **No Special Circumstances.**

The undersigned finds no special circumstances that would make an award of fees unjust.

**B. Reasonableness of EAJA Fee.**

Plaintiff requests an award of $3,012.37 in attorney fees. Doc. 20. The chart below represents the hours claimed and the requested hourly rates:

| Attorney | Year(s) | Hours | Rate | Total |
|---|---|---|---|---|
| Richard A. Culbertson, Esq.: | 2017 | 1.8 | $195.95 | $352.71 |
| Richard A. Culbertson, Esq.: | 2016 | 0.7 | $192.67 | $134.86 |
| Sarah Fay, Esq.: | 2017 | 12 | $195.95 | $2,351.40 |
| Sarah Fay, Esq.: | 2016 | 0.9 | $192.67 | $173.40 |
| | **Total** | **15.4** | | **$3,012.37** |

Doc. 20 at 2, 7-8, 12-13. Plaintiff attached detailed time sheets in support of the hours his counsel spent working on his case before the Court. Doc. 20 at 12-13. Plaintiff also demonstrated that the above hourly rates do not exceed the EAJA cap of $125.00 per hour adjusted for inflation. Doc. 20 at 7-10. Accordingly, the undersigned finds that Plaintiff is entitled to recover $3,012.37 in attorney fees, and that such fees are reasonable.

**C. Assignment.**

Plaintiff implicitly requested that the EAJA award be paid directly to his counsel if the government determines that Plaintiff does not owe a debt to the government. Doc. 20 at 2-3. A plaintiff is generally entitled to receipt of an EAJA award, as opposed to plaintiff's counsel. *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010). Plaintiff assigned his right to the EAJA award to his counsel on October 19, 2016 (Assignment). Doc. 20-1. The Assignment does not satisfy the Anti-Assignment Act because it was executed prior to the determination of Plaintiff's EAJA award. *See*

*Crumbley v. Colvin*, 2014 WL 6388569, at *4-5 (M.D. Ga. Nov. 14, 2014); *Huntley v. Comm'r of Soc. Sec.*, Case No. 6:12-cv-613-Orl-37TBS, 2013 WL 5970717, at *5 (M.D. Fla. Nov. 8, 2013). Nevertheless, the government may exercise its discretion to honor the Assignment if it determines that Plaintiff does not owe a debt to the government. But the undersigned will not recommend that the Court order the government to do so.

### III. CONCLUSION.

Accordingly, it is **RECOMMENDED** that the Motion (Doc. 20) be **GRANTED in part** to the extent that the Court award Plaintiff a total of $3,012.37 in attorney fees, and otherwise be **DENIED**.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **If the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection in order to expedite a ruling on this Motion.**

Recommended in Orlando, Florida on January 5, 2018.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party

Courtroom Deputy